Jones v Motor Veh. Acc. Indem. Corp. (2024 NY Slip Op 50721(U))

[*1]

Jones v Motor Veh. Acc. Indem. Corp.

2024 NY Slip Op 50721(U)

Decided on June 13, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570123/24

Alma Jones, Petitioner-Appellant,
against
Motor Vehicle Accident Indemnification Corporation, Respondent-Respondent.

Petitioner appeals from an order of the Civil Court of the City of New York, Bronx County (Brenda Rivera, J.), entered September 22, 2022, which denied her application for leave to commence an action against respondent Motor Vehicle Accident Indemnification Corporation (MVAIC).

Per Curiam.
Order (Brenda Rivera, J.), entered September 22, 2022, reversed, without costs, and matter remanded to Civil Court for a hearing on the issue of whether petitioner is a "qualified person" pursuant to article 52 of the Insurance Law.
Civil Court should not have sua sponte concluded that the petition for leave to commence an action against respondent Motor Vehicle Accident Indemnification Corporation (MVAIC) was untimely, since MVAIC did not raise that issue in its opposition papers. In any event, the petition was timely. Specifically, the automobile accident at issue occurred on June 10, 2019. The three year statute of limitations was tolled from March 20, 2020 through November 3, 2020 by Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) and the subsequent nine orders issued by Governor Andrew Cuomo during the COVID-19 pandemic (see Gabin v Greenwich House, Inc., 210 AD3d 497 [2022]; Murphy v Harris, 210 AD3d 410 [2022]). Thus the proceeding, commenced on August 9, 2022, was timely.
The only issue disputed by MVAIC in its opposition papers was whether petitioner was a "qualified person" (Insurance Law § 5202[b]). Since Civil Court never reached this issue, we remand for a framed issue hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 13, 2024